FILED
CLERK
8/11/2025 1:10 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────X

For Online Publication Only

DAVID BIRENBAUM, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

**ORDER**
24-cv-3611 (JMA) (LGD)

BRIDGESTONE RETAIL OPERATIONS, LLC, d/b/a FIRESTONE COMPLETE AUTO CARE,

Defendants.
───────────────────────────────────────────X

**AZRACK, United States District Judge:**

In this putative class action, Plaintiff David Birenbaum alleges that Defendant Bridgestone Retail Operations, LLC, d/b/a/ Firestone Complete Auto Care, engaged in deceptive business practices by failing to disclose the optional nature of various car repair features added to Plaintiff's vehicle allegedly in violation of Section 349 of the New York State General Business Law ("GBL"). (See ECF No. 1.) Presently before the Court today is a R&R from Judge Dunst recommending that Defendant's Motion to Dismiss the Complaint for Failure to State a Claim be denied. (ECF No. 24.) For the reasons stated below, the R&R is adopted in its entirety.

## I.  LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir.

2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II.   DISCUSSION

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Dunst's well-reasoned and twenty-three paged R&R in its entirety as the opinion of the Court.

## III.   CONCLUSION

Accordingly, Defendant's motion to dismiss is DENIED.

**SO ORDERED.**

Dated: August 11, 2025
Central Islip, New York

                                                                              /s/  JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE